NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENARD TRAPP, et al., | Civ. No. 15-5926 |
| Plaintiffs, | **OPINION** |
| v. | |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

     This matter comes before the Court upon the Motion of defendants Richard B. Thompson, Sean Kean, Stacy Kitson, Christopher Casson, and Michael Shuhala ("Defendants") to Dismiss the Complaint and Petition for Writ of Mandamus of pro se plaintiffs Denard Trapp and Marya Trapp ("Plaintiffs").  (ECF No. 11).  Plaintiffs oppose.  (ECF No. 15).  The Court has decided the Motion based on the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b).  For the reasons stated herein, the Court will grant Defendants' Motion.

BACKGROUND

     On April 7, 2015, Plaintiffs filed a Complaint and Petition for Writ of Mandamus in the Eastern District of Pennsylvania against defendants the State of New Jersey, Richard B. Thompson, Sean Kean, Stacy Kitson, Christopher Casson, and Michael Shuhala.[1]  It is unclear what the basis for the suit is because the pleading does not contain any factual allegations.  The

---

[1] All of the defendants join the Motion to Dismiss except for the State of New Jersey.

1

matter was transferred to the District of New Jersey on August 3, 2015, because the case was brought by New Jersey citizens against the State of New Jersey and New Jersey officials and, from the face of the Complaint, does not involve any action in the Eastern District of Pennsylvania. (ECF No. 5). On September 4, 2015, Defendants filed a Motion to Dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This Motion is presently before the Court.

## DISCUSSION

### A. Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id.* Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

### B. Analysis

Defendants make three arguments in their Motion to Dismiss. First, Defendants argue that the Court lacks subject matter jurisdiction because all of the litigants are citizens of New

Jersey, on the assumption that Plaintiffs' claim is premised on diversity jurisdiction.[2]  Second, Defendants argue that the Complaint fails to state a claim upon which relief can be granted, and Plaintiffs have not shown they are entitled to a writ of mandamus.  Third, Defendants argue that the Complaint is barred by collateral estoppel, claim preclusion, and res judicata.  Because the Court finds that the Complaint fails to state a claim, and Plaintiffs have not shown that they are entitled to the writ, the Court will not reach Defendants' other two arguments.

In a case brought pro se such as this one, the Court must construe the complaint "liberally" in favor of the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief.  *Palmer-Carri v. Poland Springs*, No. 13-4376, 2014 WL 3448663, at *2 (D.N.J. July 10, 2014).

Here, Plaintiffs supply no facts in their Complaint.  Rather than laying out a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8, the Complaint consists of a discussion of the nature of subject matter jurisdiction and a history of the U.S. Constitution.  The only discernible allegation is that Plaintiffs have been involved in other legal proceedings, and the Court in those proceedings lacked subject matter jurisdiction because the laws invoked in those proceedings were unconstitutional.  However, in the absence of any

---

[2] Plaintiffs, who are pro se, do not specify the basis for this Court's jurisdiction, and it is difficult to ascertain from the pleading.

factual allegations regarding those proceedings, the Court cannot construe the Complaint as stating a claim.

Plaintiffs do make some factual allegations in their opposition to Defendants' Motion to Dismiss. (ECF No. 15). However, when considering a motion to dismiss, a court may only consider the factual allegations contained in the complaint, as well as (1) matters attached to the complaint, (2) matters incorporated into the pleadings by reference, (3) matters of public record, and (4) matters integral to or upon which the plaintiff's claim is based. *See In re Bayside Prison Litig.*, 190 F. Supp. 2d 755, 760 (D.N.J. 2002); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Insufficiencies in a plaintiff's claim as pled cannot be cured by a brief or other documents submitted in opposition to a motion to dismiss. *See Colony Ins. Co. v. Kwasnik, Kanowitz & Associates, P.C.*, 288 F.R.D. 340, 344 (D.N.J. 2012). This means that the Court cannot consider the factual allegations contained in Plaintiffs' opposition as supplying the factual allegations lacking in the Complaint. Because the Complaint does not contain sufficient facts to state a claim, the Complaint must be dismissed. However, the Court will dismiss the Complaint without prejudice, and Plaintiffs will be granted leave to amend.

And as to Plaintiffs' Petition for Writ of Mandamus, Plaintiffs have not met the high bar for granting this extraordinary remedy. A writ of mandamus is a drastic remedy that a court should grant only in extraordinary circumstances, in response to an act amounting to a "judicial usurpation of power." *Hahnemann University Hospital v. Edgar,* 74 F.3d 456, 461 (3d Cir. 1996) (internal citations and quotation marks omitted). Given its drastic nature, a writ of mandamus should not issue where relief may be obtained through the normal judicial process. *See id.* To be entitled to this remedy, the petitioner must show (1) that he has no other adequate means to attain the desired relief, (2) that his right to the writ is clear and indisputable, and (3)

that the issuing court, in the exercise of its discretion, is satisfied that the writ is appropriate under the circumstances.  *In re Diet Drugs (Phentermmine/Fenfluramine/Dexfenfluramine) Products Liab. Litig.*, 418 F.3d 372, 378-79 (3d Cir. 2005).  Plaintiffs have not addressed whether they have any other adequate means to attain the desired relief.  Moreover, given the lack of factual allegations in the pleading, the Court does not find that the right to the writ is clear and indisputable.  Given these circumstances, issuing the writ would not be appropriate.  For these reasons, the writ will not be granted.

## CONCLUSION

For the reasons stated herein, the Complaint will be dismissed without prejudice, and the writ of mandamus will not be granted.  Plaintiffs will be granted leave to amend the Complaint within thirty days.

*/s/ Anne E. Thompson*
Anne E. Thompson, U.S.D.J.